IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILL TERRANCE PORTER                                                                    PLAINTIFF

V.                                                                                    No. 4:07CV70-JAD

CHRISTOPHER B. EPPS                                                                    DEFENDANT

MEMORANDUM OPINION

Presently before the court is the Plaintiff's motion for an award of attorney's fees and expenses. Upon due consideration, the court finds that the motion should be granted.

*A. Factual Background*[1]

This civil rights lawsuit was initiated on May 3, 2007. A jury was empaneled on January 14, 2009. At the close of evidence, the court directed a verdict in favor Defendant Stephanie Jones leaving only the Mississippi Department of Corrections Commissioner, Defendant Epps. The jury returned a verdict for the Plaintiff and awarded $250,000 in damages. The Defendant filed a motion for judgment notwithstanding the verdict or, in the alternative, a remittitur of the entire jury award. The post-trial motions were denied.

The Plaintiff has now filed a motion for attorney's fees and expenses, in which he seeks an award of $42,255.00 in attorney's fees, $2,105.40 in expenses and $716.17 for mileage and postage. Although, the motion was filed on January 28, 2009, the Defendant has offered no response.

*B. Standard for Award of Attorneys' Fees*

The Plaintiff seeks attorney's fees pursuant to 42 U.S.C. § 1988. Section 1988(b) provides

---

[1] A more complete recitation of facts and procedural history can be found in the court's previous memorandum opinion denying the Defendant's motion for judgment as a matter of law dated March 30, 2009.

in relevant part that "[i]n any action or proceeding to enforce a provision of . . . [section] 1983 . . . of this title . . . the court may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." It is undisputed that the Plaintiff is the prevailing party in this litigation. *Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008). He therefore, in the court's discretion, may be allowed a reasonable attorney's fee.

The calculation of attorneys' fees involves a well established two-step process. First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyer. *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). Second, the court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *Migis*, 135 F.3d at 1047. In doing so, the court is to consider the factors set out by the United States Court of Appeals for the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The *Johnson* factors are:

(1) the time and labor required;

(2) the novelty and difficulty of the questions involved;

(3) the skill required to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to the acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) the time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and the length of the professional relationship with the client; and

(12) awards in similar cases.

*Id.* at 717-19.

The fee applicant bears the burden of proving the reasonableness of the number of hours claimed, and must show that billing judgment was exercised. *Green*, 284 F.3d at 662. In addition, the court may reduce the fee award if the documentation of hours is inadequate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). The court may also reduce the award where the hours are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The fee applicant also bears the burden of proving the reasonableness of the hourly rate claimed. *Blum v. Stenson*, 465 U.S. 886, 895-96, 104 S.Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984). The ultimate goal is to award fees "adequate to attract competent counsel but which do not produce windfalls." *Hensley*, 461 U.S. at 430 n.4.

*C. Discussion*

1. Determination of the Lodestar

The court begins its analysis by determining the lodestar, which is the number of hours reasonably expended on this litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. Here, there is no dispute as to the Plaintiff's requested reasonable hourly rates or as to the number of hours reasonably expended.

a. Number of Hours Reasonably Expended

The Plaintiff seeks an award for a total of 256.6 attorney hours which the Plaintiff claims

3

were reasonably expended on this litigation. The Defendant does not dispute the total number of hours claimed by the Plaintiff.

The court, therefore, upon detailed review of the Plaintiff's billing records, finds that the claimed hours were reasonably expended in this litigation. This litigation has been pending for almost two years, and the Plaintiff has had to contend with a motion to dismiss as well as a motion for summary judgment. Accordingly, the court finds that the Plaintiff's attorneys reasonably expended 256.6 attorney hours in the successful pursuit of this litigation. In the court's judgment, this number of hours is appropriate for this case.

### b. Reasonably Hourly Rate

Hourly rates for attorney fees must be reasonable within the relevant market; here, the relevant market is the Northern District of Mississippi. *Blum*, 465 U.S. at 895-96; *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). The Plaintiff seeks a rate of $125 per hour for an associate and $175 per hour for a partner. These rates are more than reasonable for this legal community. *See Boddie v. City of Cleveland, Miss.*, No. 4:01cv88, 2005 WL 2347277 at 2-3 (N.D. Miss. 2005) (finding $225.00 reasonable hourly attorney's fee); *Brown v. Ascent Assur., Inc.*, 191 F. Supp. 2d 729, 736 (N.D. Miss. 2002) (approving rate in excess of $125 per hour for highly skilled veteran attorney involved in litigation in this district); *compare with Lopez v. City of Biloxi, Miss.*, No. 1:03cv122, 2006 WL 1195221 at **2-3 (S.D. Miss. May 4, 2006) ($200.00 per attorney hour is reasonable).

Accordingly, the court calculates the lodestar as follows:

1) $125/hour for 53 associate attorney hours = $6625.00 in attorney's fees; and

2) $175/hour for 203.6 partner attorney hours = $35,630.00 in attorney's fees.

4

Thus, the court finds that the total lodestar is $42,255.00.

2. Reasonableness of the Lodestar and the *Johnson* Factors

As the court calculated above, the lodestar is $42,255.00. The court will now evaluate this total in light of the *Johnson* factors. The Plaintiff has not requested that the lodestar be adjusted upward, and the Defendant obviously has not requested that the lodestar be adjusted downward. Thus, the court's role is simply to determine the reasonableness of this award, which is 16.9% of the of $250,000.00 judgment obtained in this case.

As the Fifth Circuit has repeatedly emphasized, most of the *Johnson* factors are deemed to be reflected in the lodestar amount and cannot be used to adjust the lodestar upward or downward, and the lodestar is presumptively reasonable and should be enhanced or reduced only in exceptional cases. *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). Here, the court finds that this case does not qualify as an exceptional case such that the lodestar should be adjusted; there is no evidence sufficient to overcome the presumption that the lodestar is a reasonable fee. The court holds, therefore, that an adjustment of the lodestar is not warranted in this case.

3. Expenses

In addition to an award of attorney's fees, the Plaintiff seeks an award of expenses in the amount of $2,405.40 in costs and $716.17 in mileage and postage.

An attorney's reasonable out-of-pocket expenses which are ordinarily charged to fee paying clients may be recovered under 42 U.S.C. § 1988. *Mota v. University of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). These expenses include charges incurred for postage, photocopying, travel, and long distance telephone usage. *Mota*, 261 F.3d at 529; *Mennor v. Fort*

*Hood Nat'l Bank*, 829 F.2d 553, 557 (5th Cir. 1987).

Upon close review of the subject expense records, the court finds that the submitted expenses are routinely charged to fee paying clients and are thus recoverable. This litigation has been ongoing for almost two years, $716.17 in expenses and $2,105.40 in costs over a two-year period in a case of this nature is reasonable. The court, therefore, shall award the Plaintiff expenses in the amount of $2,821.57.

### D. Conclusion

In sum, the court finds that the Plaintiff's motion for attorney's fees and expenses should be granted in the following amounts, as calculated above: $42,255.00 in attorney's fees; $2,821.57 in expenses and costs. The total award is $45,076.57.

A separate order in accordance with this opinion shall issue this day.

This the 1st day of April, 2009.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE